PAUL MAKI  #1159
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Main Phone:  (808) 545-1122
Main Fax:  (808) 545-1711
www.makilaw.com

Attorney for Plaintiffs
WARNER BROS. RECORDS INC.;
UMG RECORDINGS, INC.; and
CAPITOL RECORDS, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and CAPITOL RECORDS, INC. | ) ) ) ) | Case No. 1:06-cv-00320-SPK-KSC |
| | ) ) | **MAGISTRATE JUDGE'S FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATIONS RE PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT FILED ON DECEMBER 15, 2006; EXHIBITS "A" - "B"** |
| Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | |
| CLINTON PAAHAU, | ) ) ) | |
| Defendant. | ) ) | Hearing: |
| | ) ) ) ) | Date:   January 22, 2007<br>Time:  9:30 a.m.<br>Judge:  Kevin S. Chang |
| _____ | ) | |

**MAGISTRATE JUDGE'S FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND RECOMMENDATIONS
RE PLAINTIFFS' APPLICATION FOR
ENTRY OF DEFAULT JUDGMENT BY THE COURT
<u>FILED ON DECEMBER 15, 2006</u>**

Plaintiffs' Application for Default Judgment by the Court, filed herein on December 15, 2006, having come duly on for hearing before the Court, the Honorable Kevin S. Chang, Magistrate Judge, presiding, with attorney Paul Maki appearing for the plaintiffs and there being no appearance by or on behalf of the Defendant, the Court, after full consideration of Plaintiff's Application for Default Judgment and the entire record herein, hereby makes the following Findings of Fact, Conclusions of Law and Recommendations:

<u>**FINDINGS OF FACT**</u>

1.     Plaintiffs filed their complaint herein on June 13, 2006.

2.     The complaint was served on Defendant on June 27, 2006.

3.     Defendant is a citizen and resident of the State of Hawaii.

4.     Defendant has failed to appear or otherwise respond to Plaintiffs' complaint.  Defendant is not an infant or incompetent person, nor in active military service.

5.     On November 24, 2006, the Clerk of this Court entered the default of Defendant.

6.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings").   The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

7.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

8.     Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others.   In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution.

9.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages

pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs have elected to seek statutory damages, and furthermore, to seek only the minimum amount of statutory damages provided by the statute.

10.    The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.

11.    Damages cannot begin adequately to compensate Plaintiffs for the harm caused, and the ease, scope, and history of Defendant's infringement more than warrant the requested injunction.    Defendant's infringements were widespread, going well beyond the few representative examples listed in Exhibit A to the Complaint.  See Complaint Ex. B.  Moreover, Defendant's means of infringement – an online media distribution system with tens of millions of potential users – has left Plaintiffs' sound recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement.  Because recordings made available over these systems typically are made available for further unlawful distribution by the users who download them, Defendant's conduct has subjected Plaintiffs' valuable recordings to ongoing "viral" infringement.  See Aimster, 334 F.3d at 646-47; Napster, 239 F.3d at 1011, 1013-14; Universal City

<u>Studios v. Reimerdes</u>, 111 F. Supp. 2d 294, 331-32 (S.D.N.Y. 2000), <u>aff'd</u>, 273 F.3d 429 (2$^d$ Cir. 2001).

12.    There is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop.  Defendant's failure to respond to the Complaint suggests that Defendant does not take seriously the illegality of the infringing activity.   Thus, without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued, repeated infringement.

13.    Plaintiffs have incurred costs in this case in the amount of $420.00.

## **CONCLUSIONS OF LAW**

N.    To the extent the foregoing findings of fact are more properly conclusions of law, they shall be treated as such, and, to the extent the following are more properly findings of fact, they shall be treated as such.


O.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 et seq.).

P.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

Q.     This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

R.     Defendant, by his default, concedes the truth of the allegations of the Complaint as to Defendant's liability.  See, e.g., Sony Music Entm't Inc. v. Elias, No. CV 03-6387 DT (RCx), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004); Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002); Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363, 93 S. Ct. 647 (1973); Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999); 10 James W. Moore, Moore's Federal Practice § 55.12[1] (3d ed. 2002).

S.     Defendant's use of an online media distribution system to copy the five copyrighted sound recordings listed on Exhibit A to the Complaint and to distribute those recordings to other users of the system constitutes direct copyright infringement.  See In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001).

**Statutory Damages**

T.     Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a)(2).   17 U.S.C. § 504(c) provides, in turn, that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1). See also Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc., 807 F.2d 1110, 1114 (2$^d$ Cir. 1986); 4 Melville B. Nimmer & David M. Nimmer, Nimmer On Copyright ("Nimmer") § 14.04[A], at 14-44 (2002).

U.     Plaintiffs need not prove actual damages to be entitled to an award of statutory damages.   "Under the current Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits.  He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available." 4 Nimmer, § 14.04[A], at 14-44-45; see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001), cert. denied, 534 U.S. 1127, 112 S. Ct. 1063 (2002); Los Angeles News Serv. v. Reuters

Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998), cert. denied, 525 U.S. 1141, 119 S. Ct. 1032 (1999).

V.    Courts routinely award minimum statutory damages – or higher – as part of default judgments in copyright infringement cases.  See, e.g., Ortiz-Gonzalez, 277 F.3d at 63-64; D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 35, 37 (2d Cir. 1990); Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 2-3 (1st Cir. 1983); Getaped.com, Inc. v Cangemi, 188 F. Supp. 2d 398, 400-02 (S.D.N.Y. 2002); Microsoft Corp. v. Wen, No. C 99-04561 MEJ, 2001 WL 1456654, at *5-*6 (N.D. Cal. Nov. 13, 2001); Perfect 10, Inc., v. Talisman Comm. Inc., No. CV99-10450 RAP MCx, 2000 WL 364813, at *3-*4 (C.D. Cal. Mar. 27, 2000).

W.    The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima. Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984), quoted with approval in Columbia Pictures Television v. Krypton Broadcasting, 106 F.3d 284, 296 (9th Cir. 1997).

X.    Plaintiffs are entitled to an award of statutory damages of at least $750, the amount which Plaintiffs are seeking, for each of the five (5) works, for a total award of statutory damages in the amount of $3,750.00.

## Permanent Injunction

Y.    Section 502(a) of the Copyright Act specifically provides for injunctive relief: "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).

Z.    Injunctions are regularly issued pursuant to the mandate of Section 502, because "the public interest is the interest in upholding copyright protections."  Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476, 1499 (10th Cir.), cert. denied, 510 U.S. 916, 114 S. Ct. 307 (1993).   Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983).

AA.   Here, an "injunction is necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights."  Atari, Inc. v. North Am. Philips Consumer Electric Corp., 672 F.2d 607, 620 (7th Cir.), cert. denied, 459 U.S. 880, 103 S. Ct. 176 (1982).

BB.   Injunctive relief is also routinely granted as part of default judgments. See, e.g., Claremont Flock Corp. v. Alm, 281 F.3d 297 (1st Cir. 2002); Securities & Exch. Comm'n v. Coldicutt, 258 F.3d 939, 945 (9th Cir. 2001); Johnson v. Kakvand, 192 F.3d 656, 663 (7th Cir. 1999); Securities & Exch. Comm'n v.

McNulty, 137 F.3d 732, 741 (2[d] Cir. 1998), cert. denied, 525 U.S. 931, 119 S. Ct. 340 (1998); CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992); Sony Music Entm't, Inc., 45 F. Supp. 2d at 1347-48.

CC.   In copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits.  E.g., Micro Star v. Formgen, Inc., 154 F.3d 1107, 1109 (9th Cir. 1998); Atari, Inc., 672 F.2d at 620.  Consequently, "Plaintiffs in this case need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits."  Sony Music Entm't, Inc., 45 F. Supp. 2d at 1345.

DD.   In light of the scope and nature of Defendant's infringement, the need to protect Plaintiffs' copyrighted works, and the public interest, the requested injunction prohibits infringement of all copyrighted sound recordings owned by Plaintiffs.  See Elias, 2004 WL 141959, at *5; Sony Music Entm't, Inc., 45 F. Supp. 2d at 1347-48; Canopy Music, Inc. v. Harbor Cities Broad. Inc., 950 F. Supp. 913, 916 (E.D. Wis. 1997) .

EE.   For the same reasons, and because Plaintiffs continually create new works – works that would be vulnerable to infringement if the injunction were limited to existing works, and that would require new litigation to redress each future infringement -- the requested injunction follows standard practice in copyright cases by covering works to be created in the future.  See, e.g., Elias,

2004 WL 141959, at *5; <u>Princeton Univ. Press v. Michigan Document Serv., Inc.</u>, 99 F.3d 1381, 1392-93 (6th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1156, 117 S. Ct. 1336 (1997); <u>Olan Mills, Inc. v. Linn Photo Co.</u>, 23 F.3d 1345, 1349 (8th Cir. 1994).

FF.    Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

**Costs of Suit**

GG.   Courts routinely award costs on default judgment.    <u>See</u>, <u>e.g.</u>, <u>Discovery Comm., Inc. v. Animal Planet, Inc.</u>, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001); <u>Century ML-Cable Corp. v. Diaz</u>, 39 F. Supp. 2d 121, 126 (D.P.R. 1999); <u>Cablevision Sys. N.Y. City Corp. v. Lokshin</u>, 980 F. Supp. 107, 115 (E.D.N.Y. 1997); <u>Cross Keys Publ'g Co., Inc. v. Wee, Inc.</u>, 921 F. Supp. 479, 481-82 (W.D. Mich. 1995); <u>Jobette Music Co., Inc.</u>, 864 F. Supp. at 10.

HH.   Plaintiffs are entitled to an award of their costs in the amount of $420.00.

## RECOMMENDATIONS

Based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby recommended that a Default Judgment and Permanent Injunction in the form attached hereto as Exhibit B, be entered in Plaintiffs' favor and against the Defendant, Clinton Paahau.

11

DATE:     Honolulu, Hawaii, February 5, 2007.





_____

Kevin S.C. Chang

United States Magistrate Judge

**EXHIBIT A**

**CLINTON PAAHAU**

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Red Hot Chili Peppers | My Friends | One Hot Minute | 243-059 |
| UMG Recordings, Inc. | DMX | Party Up | ...And Then There Was X | 279-017 |
| UMG Recordings, Inc. | Avant | Get Away | My Thoughts | 281-220 |
| Warner Bros. Records Inc. | Green Day | Basket Case | Dookie | 185-457 |
| Capitol Records, Inc. | Beastie Boys | Intergalactic | Hello Nasty | 277-731 |